IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**UNITED STATES OF AMERICA**                                                     **RESPONDENT**

**v.**                         **No. 4:11-cr-40037-006**
                           **No. 4:14-cv-4068**

**MARCUS SIMS**                                                               **MOVANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1319) filed herein by **MARCUS SIMS**, (hereinafter referred to as "Sims"). Sims is currently incarcerated at the Bastrop Federal Correctional Institution, Bastrop, Texas. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. A Response was directed by the Court and has been filed. The Court has considered the entire record and as set out below recommends this Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

**1. Procedural Background**:

On September 14, 2011, Sims was one of 66 defendants named in an indictment in this Court. ECF No. 1. He was charged in 13 of the 190 counts of the indictment. Each of the 13 counts alleged distribution of cocaine base on various dates and at various locations. On September 21, 2012, Sims appeared for an initial appearance and arraignment. ECF No. 911. He was appointed counsel and entered pleas of not guilty to all counts. On March 12, 2013, Sims pled guilty to Count 43 of the indictment, namely, distribution of cocaine base within 1000 feet of a public housing

facility in violation of 18 U.S.C. §§ 841(a) and 860(a). ECF No. 1087. As part of the plea agreement Sims agreed and admitted he had sold cocaine base on January 25, 2011, to a confidential informant working for law enforcement officers, within 1000 feet of Pinerhurst Village, a public housing facility located in Texarkana, Arkansas. ECF No. 1088. Further, as part of the plea agreement Sims agreed to entry of a Money Judgment against him in the amount of $50,000.00. This Money Judgment was also entered on March 12, 2013. ECF No. 1089.

A pre-sentence report ("PSR")was prepared. Pursuant to the United States Sentencing Guidelines ("USSG") the PSR found a total offense level 30, criminal history category III and a recommended sentence of 121-151 months imprisonment. On October 29, 2013, after reducing Sims's total offense level to 28[1], United States District Judge Susan O. Hickey, sentenced Sims to 97 months imprisonment, six years of supervised release, and a $100 special assessment. ECF No. 1269. This Sentence was later reduced to 78 months imprisonment pursuant to the "crack reduction" amendments to the USSG. ECF No. 1439. Sims did not appeal this sentence.

**2. Instant Petition**:

Sims filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on April 28, 2014. ECF No. 1319. The Court directed a response and the Government filed its Response on June 10, 2014. ECF No. 1334. Sims thereafter filed, with leave of the Court, a Supplement to his Motion. ECF No. 1342.[2]

In his Motion, Sims asserts five claims for relief:

---

[1] The Court reduced the total offense level by 2 levels based on a finding of reduced leadership role for Sims, pursuant to USSG § 3B1.1(c).

[2] I will consider the Motion and Supplement herein and refer to both collectively as the "Motion."

    A.  Ineffective assistance of counsel in allowing Sims to plead guilty to a crime he was factually innocent of committing.

    B.  Ineffective assistance of counsel in the sentencing phase of the proceeding.

    C.  Sims's plea of guilty was not voluntary because of counsel's "false, inaccurate and misleading" advice.

    D.  Ineffective assistance of counsel in failing to file a notice of appeal after being instructed to do so.

    E.  Ineffective assistance of counsel in failing to present mitigating evidence at sentencing.

As to the first three claims, the Government argues defense counsel was effective. Although specifically given the opportunity to do so (ECF No. 1342, Order allowing Supplement) the Government did not address the last two issues which were included in Sims's supplement to the Motion. I find this matter is ready for decision.

**3. <u>Discussion</u>**:

    A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

    Sims raises five different claims of ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance

was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689,(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, we consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and we avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

For the reasons set out below I do not find Sims has established ineffective assistance of counsel for any of the claimed deficiencies.

A. <u>Allowing Sims to plead guilty to a crime he was factually innocent of committing</u>: Sims claims he is "actually innocent" of the crime for which he was convicted because the photographs of his commission of the crime showed "the control substance transaction actually occurred in the park vehicle as opposed to a 'specific location or residence' within 1000 feet of a public housing authority facility." He claims competent counsel would have concluded this "fact" negates an essential element of the crime to which he pled guilty. Essentially he argues counsel should have obtained a "specific address location or residence" of the commission of the crime prior to allowing Sims to plead guilty. This he asserts resulted in a harsher sentence than he would otherwise have been sentenced.

A guilty plea in this Court must be supported by factual basis sufficient to support a guilty plea. *See* FED.R.CRIM.P. 11(b)(3). In Sims's case, he signed a written agreement which contained a factual basis sufficient to support the plea of guilty. ECF No. 1088, pp. 1-2. In this written agreement Sims' specifically agreed he sold cocaine base "within 1000 feet of the real property containing Pine Hurst Village, a public housing authority facility." At the change of plea proceeding the Assistant U.S. Attorney read that portion of the plea agreement into the record. ECF No. 1334-1 pp. 9-10 , Transcript of Change of Plea Proceeding. The Court then inquired of Sims if he had any question about what the plea agreement indicated he was pleading guilty to. Sims replied no. The

Court then asked Sims how he pleaded to Count 43. Sims answered "Guilty." ECF No. 1334-1 p. 14, Transcript of Change of Plea Proceeding.

It is clear from the Plea Agreement and the transcript of the change of plea proceeding, a factual basis was established before this Court allowing the Court to find Sims guilty of the offense charged. Further, even had the Assistant U.S. Attorney not established a factual basis for Sims's charge and had Sims himself not agreed to that factual basis, he would not be entitled to relief here. A sentencing judge is not constitutionally required to develop a factual basis for a guilty plea. *See Wabasha v. Solem*, 694 F.2d 155, 157–159 (8th Cir.1982)(*citing Santobello v. New York*, 404 U.S. 257, 261–62 (1971); *McCarthy v.. United States*, 394 U.S. 459, 464 (1969)). And while Sims did expressly admit his guilty here, an express admission of guilt is not constitutionally required either. *See Wabasha,* 649 F.2d at 157 (*citing North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Establishing a factual basis is constitutionally required only where the guilty plea is accompanied by claims of innocence. Sims did not protest his innocence at the change of plea hearing.

Sims has established no failure on the part of his counsel which fell "below an objective standard of reasonable competence." Further, based on the forgoing, he was in fact guilty of the offense charged and has suffered no prejudice here. Sims is entitled to no relief on this claim.

B. <u>Ineffective assistance of counsel in the sentencing phase of the proceeding</u>: Sims claims his counsel "negated to conduct even a cursory review with the Government" of the discovery materials pertinent to his case. He claims an evaluation of the discovery materials including the audio and video recordings would have disclosed the person contained thereon was not him. He also again argues there was no "specific location" identified of the one drug transaction he pled guilty to at his change of plea proceeding. Sims claims these deficiencies allowed the Court to enhance his

sentence with unwarranted USSG enhancements pursuant to USSG §§ 2D1.1(b)(12) and 2D1.2(a)(2).

The Court properly applied the USSG based on the facts agreed to by Sims at the change of plea hearing. While no specific address was listed for the transaction which occurred, the stipulated facts, agreed to by Sims make it clear the drug transaction was within 1000 feet of a public housing facility. Further, Sims agreed specifically to the following USSG applications:

    i. A 2-level increase for his role in the offense, pursuant to USSG § 3B1.1©.

    ii. A 2-level increase for Sims maintaining a drug premises, pursuant to USSG § 2D1.1(b)(12).

    iii. A 1-level increase for drug offenses occurring near protected locations. pursuant to USSG § 2D1.2(a)(2).

At the change of plea proceeding the Court inquired specifically whether Sims had read the Plea Agreement, asked whether he had any questions about it, and asked him if he understood all the terms of the agreement. Sims replied in the affirmative. ECF No. 1334-1, pp. 11-12. Further, at sentencing Sims did not object to the application of these specific agreed enhancements. "A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)." *United States v. Krzyzaniak*, 702 F.3d 1082, 1084 (8th Cir. 2013) (*quoting United States v. Barrett*, 173 F.3d 682, 684 (8th Cir.1999)).

Sims agreed to the USSG enhancements. Based on the factual basis provided in the Plea Agreement and at the change of plea proceeding, the Court would have applied these enhancements even had there been no stipulation. Accordingly, his counsel had no reason to object to the

enhancements. Counsel was not ineffective. This claim should be denied.

      C. <u>Sims's plea of guilty was not voluntarily or knowingly entered</u>: Sims next claims his plea of guilty was not a knowing and voluntary plea of guilty. He claims this was the result of "false, inaccurate and misleading advice" given by trial counsel. He again attacks the factual basis of the plea, alleging his counsel's "subtle promises to rectify the erroneous factual basis" caused him to enter the plea of guilty. ECF No. 1320, p. 14. Sims fails to identify a single false, misleading or inaccurate piece of advice provided by counsel. He makes not a single specific factual allegation of misconduct or poor performance by trial counsel.

      A guilty plea is valid if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Strumpf*, 545 U.S. 175, 183 (2005)(discussing requirement a defendant be advised of the elements of offense in order to enter knowing plea of guilty). The United States Supreme Court has long afforded a plea of guilty made in open court a strong presumption of validity:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Here Sims was given several opportunities at the change of plea proceeding to raise this issue. Instead, he agreed with the Plea Agreement, agreed with the factual basis presented, and affirmatively stated he had not been promised anything or threatened in any way to enter the plea of guilty. The Court explained to him he had a constitutional right to persist in his plea of not guilty if he chose to do so. Sims, at every turn, indicated the plea

agreement was entered into freely, voluntarily, and with full knowledge of its terms. ECF No. 1334-1, pp. 11-13.

Further, Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases requires specific factual allegations. "(N)otice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error." *Blackledge*, 431 U.S. at 75-56. Sims only factual claim is that counsel made "subtle promises to rectify the erroneous factual basis" of the change of plea. This clearly insufficient.

For the foregoing reasons this claim should be denied.

D. <u>Ineffective assistance of counsel in failing to file a notice of appeal</u>: Sims's next claim is he instructed his trial counsel to file a notice of appeal and counsel failed to do so. The Government did not respond to this allegation. As an initial matter, I note Sims affirmatively waived his right to an appeal by the terms of the Plea Agreement. Specifically the Plea Agreement stated:

> 8. In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post conviction terms of this agreement:
>
>> a. the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3741(a);

ECF No. 1088, p. 5-6. Further, at the change of plea proceeding the following colloquy between Sims and the Court occurred:

> THE COURT: Now Mr. Sims, do you have any questions on what Mr. Quinn has indicated the plea agreement says?
>
> SIMS: No, ma'am.
>
> THE COURT: Have you read this plea agreement and gone over it with your attorney?

SIMS: Yes, ma'am.

. . .

THE COURT: And you understand that in paragraph 8 of this plea agreement you are giving up your constitutional right to appeal both the conviction and sentence received in this case. You are giving up the right to collaterally attack that sentence and conviction except under certain circumstances. And you are giving up the right to ask for modification of this sentence except when the government files a Rule 35(b) downward departure. Do you understand that you are giving up these constitutional rights in this document?

SIMS: Yes, ma'am.

THE COURT: Okay, and you're willing to do that?

SIMS: Yes, ma'am.

THE COURT: Mr. Sims, I've looked at the, I guess the new and revised plea agreement that the government has handed me. It appears to have your signature. Is this signature voluntarily and of your own free will?

SIMS: Yes, ma'am.

THE COURT: Okay. Did anyone force or threaten you to sign this agreement?

SIMS: No, ma'am.

THE COURT: Did anyone make you any promises, other than those that are contained in the plea agreement, to get you to sign the plea agreement?

SIMS: No ma'am.

THE COURT: Did anyone put any pressure on you to sign it?

SIMS: No, ma'am.

ECF No. 1334-1, pp. 11-13. Sims clearly waived his right to a direct appeal of the sentence in this case. Such a waiver is valid if it was entered into "knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). As discussed above, Sims clearly entered the plea of guilty, freely, voluntarily and knowingly. This waiver is therefore valid.

Here Sims alleges "after he and counsel reviewed the PSI [pre-sentence investigation, presumably the PSR], he informed counsel to file a notice of appeal based on the inconsistency of the factual basis and the drug quantity and counsel told him he would do so but no appeal was ever filed. This statement does not comport with the facts of the case. After the PSR was filed, Sims appeared for sentencing. He first stated he knew what was happening and indicated he was satisfied with his counsel. ECF No. 1333, p. 5. The Court again recited the factual basis of the plea of guilty. ECF No. 1333, p. 5-6. Sims had no objection. Sims indicated he had seen the PSR and reviewed it with his lawyer. ECF No. 1333, p. 8. The Court granted Sims's single written objection to the PSR. ECF No. 1333, p. 8-9. Sims's trial counsel spoke on his behalf. ECF No. 1333, p. 11-12. Sims was provided with the right of allocution. He spoke to the Court. ECF No. 1333, p. 12. Sims did not mention any concerns with the factual basis, or a request to appeal. Sims did not state he was dissatisfied with his lawyer or with the waiver of the right to appeal. Finally, the Court sentenced Sims as outlined above and stated the following:

> Mr. Sims, I need to tell you about your appeal rights. In paragraph eight of your Plea Agreement, you waived your right to appeal both the conviction and the sentence in this case except under certain circumstances. If you do appeal, you must do so within 14 days of the entry of the Judgment in this case, which will be some time this week, probably today or tomorrow. So you've got 14 days to appeal.

ECF No. 1333, p. 17-18. Sims said nothing in response to this admonition.

Typically, a defendant claiming ineffective assistance of counsel must show both deficient performance by his counsel and actual prejudice to his defense. *See Toledo*, 581 F.3d at 680. The defendant bears the burden of showing he requested an appeal. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted). "A bare assertion by the petitioner that she

made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* For a claim of ineffective assistance of counsel by failure to file a notice of appeal to succeed, the defendant must show that he manifested a desire to appeal his conviction and sentence. *See id.*, *see also United States v. Luke*, 686 F.3d 600, 606 (8th Cir. 2012) ("While actual prejudice is not required, the attorney must have been aware of the client's desire to appeal.").

I find based on the record of this case Sims did not request counsel file a notice of appeal. Sims makes a bare assertion he demanded an appeal. However, a review of the record indicates the issue of appeal and his waiver of the right to appeal was raised in the Plea Agreement and several times by the Court in the change of plea proceeding and at sentencing. Sims never mentioned his desire to appeal even when the Court specifically addressed the issue telling him at sentencing he had waived the right to appeal. I find Sims's bare assertion not credible. I also find an evidentiary hearing on this issue is not required.

Counsel was not ineffective in this regard as Sims did not demand an appeal.

E. <u>Ineffective assistance of counsel in failing to present mitigating evidence at sentencing</u>: Here Sims alleges his counsel failed to investigate his medical condition and failed to present mitigating evidence at sentencing. The Government did not respond to this allegation. Sims makes no specific allegation in this regard however. As noted above "notice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error." *Blackledge*, 431 U.S. at 75-56. Sims's claim fails here for failing to assert any specific facts regarding his medical condition or possible mitigating facts.

Considering this claim on the merits to the extent possible with no factual allegations, I note the PSR contained a synopsis of his family history. ECF No. 1263, pp. 17-18. It also contained the following information about his physical well being:

> 58. The defendant is 6 feet, 5 inches tall and weighs 350 pounds. He has brown eyes and black hair. He has acne scars on his face. The defendant has a scar on his left forearm, pockmarks, a scar on his upper left arm, a scar on his upper right arm, a scar on his left thigh, a scar on his face, and scars on both legs. He reported he has scars under both arms due to surgeries for clogged sweat glands. He reported having two major surgeries at Wadley Hospital in Texarkana, Texas in 1999 and 2001.
>
> 59. He reported that he had surgery on his back due to a pinched nerve in 2000. He reported that he currently takes steroids and medications to deal with the pain.
>
> 60. He reported that he was treated in the emergency room on July 7, 2001, because "I got stabbed by my girlfriend." He sustained lacerations on his forearm and knee.
>
> 61. The defendant reported no history of mental or emotional problems, and no history of treatment for such problems.
>
> 62. In his presentence report from 2004, the defendant reported that his primary substance of abuse was Ecstasy. He reported that he used the substance on a regular basis for several years. He further reported that he rarely used alcohol, cocaine, or marijuana, but believed that he was addicted to Ecstasy.
>
> 63. In the presentence interview for the instant offense, the defendant reported previously abusing alcohol, marijuana and Xanax. He reported that his drug of choice is Xanax.

Further, at the sentencing hearing Sims's counsel made the following request:

> COUNSEL: If I may, Your Honor, one thing I forgot to address, Mr. Sims has asked me to address, he does desire to have the recommendation for the treatment program and he has indicated to me that he has had some medical issues as well while he's been incarcerated here in Arkansas and we hope that medical unit might be available.

ECF No. 1333, p. 14. Judge Hickey acknowledged this request and indicated she would recommend placement in a medical facility.

Based on the foregoing discussion, I find trial counsel was not ineffective in any of the

particulars alleged by Sims. Sims' Motion should therefore be denied.

**4. Evidentiary Hearing:**

The Court also concludes that an evidentiary hearing is not required in this matter. The record conclusively shows Petitioner is not entitled to the relief he seeks. *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

**5. Certificate of Appealability:**

A defendant may not appeal a final order in a proceeding under 28 U.S.C. § 2255(d) without first securing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A district court should not grant a certificate of appealability unless the movant "has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). This standard requires a demonstration that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude that issues presented are adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, 537 U.S. 322, 327 (2003). In other words, a movant must show the district court's resolution of the constitutional claim was either "debatable or wrong." *Miller-el*, 537 U.S. at 338. Any Certificate of Appealability issued by the Court must state "which specific issue or issues satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(3).

In this case, it is clear Sims has failed to show his counsel was in any way ineffective as alleged. He has not made a substantial showing of violation of a constitutional right. Accordingly

no Certificate of Appealability should be granted.

**6. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 1319) be **DENIED**.  I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **18th day of February 2015.**

      /s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE