IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                RESPONDENT

v.                                      Case No. 4:11-cr-40037-006
                                              4:14-cv-4068

MARCUS SIMS                                                                                   MOVANT

## ORDER

Before the Court is the Report and Recommendation filed February 18, 2015 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 1470). Judge Bryant recommends that Defendant's Motion to Vacate, Set Aside, or Correct Sentence be denied.

On September 14, 2011, Sims was one of 66 defendants named in an indictment in this Court. (ECF No. 1). He was charged in 13 of the 190 counts of the indictment. He entered a plea of guilty to Count 43 of the indictment. (ECF No. 1087). On October 29, 2013, this Court sentenced Sims to 97 months imprisonment, six years of supervised release, and a $100 special assessment. (ECF No. 1269). His sentence was later reduced to 78 months imprisonment pursuant to amendments to the USSG. (ECF No. 1439).

Sims makes a number of objections to Judge Bryant's Report and Recommendation: (1) Judge Bryant is not a neutral magistrate because he acted as prosecutor in a previous criminal case against Defendant; (2) the Recommendation inaccurately presumes that the plea of guilty was knowingly and intelligently made, without disregard of the facts, and that his plea is void by the involuntary nature; (3) the Report and Recommendation ignores his claim for ineffective assistance of counsel at the plea stage of the proceedings; (4) the Government has not proved that he could not have had a more

favorable result; and (5) he asserts that he has been denied due process.

First, the Court finds that a judge who formerly served as a prosecutor is not disqualified from participating in a defendant's case even though he or she personally prosecuted the same defendant in a previous, unrelated case. *See, e.g.*, *Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1375 (7th Cir. 1994) (en banc) (holding that recusal was not required in a murder trial on the ground that the judge had prosecuted the defendant for a different murder fourteen years earlier); *Jenkins v. Bordenkircher*, 611 F.2d 162, 167 (6th Cir. 1979); *United States v. Outler*, 659 F.2d 1306, 1312 (5th Cir. 1981); *Gravenmier v. United States*, 469 F.2d 66, 67 (9th Cir. 1972); *People v. Curkendall*, 12 A.D.3d 710, 714 (N.Y. App. Div.2004); *Wise v. State*, 257 Ga.App. 211 (Ga. Ct. App. 2002); *In re K.E.M.*, 89 S.W.3d 814, 826 (Tex. App. 2002); *Commonwealth v. Darush*, 459 A.2d 727, 730–32 (Pa. 1983). Here, Judge Bryant reviewed the case and made a recommendation to this Court. He was not required to recuse himself from this responsibility. Moreover, the Court has reviewed the Motion independently in making its decision whether to adopt Judge Bryant's recommendation. Accordingly, Defendant's objection on this point should be overruled.

Next, Sims asserts that his Counsel's false, inaccurate, and misleading promises render his plea of guilty to be unintelligent, unknowing, and involuntarily entered. He asserts that his attorney's promises to correct certain issues at sentencing, including drug quantity, type of drug, and sufficiency of the evidence induced him into pleading guilty, and that the Report and Recommendation misinterprets his argument.[1] First, the Court notes that the Report and Recommendation directly addresses the argument. Moreover, Sims was given several opportunities to raise his issues at his

---

[1] Part of Defendant's argument is that the Government has abandoned its argument on this point. This argument seems to be focused on the fact that the Government did not respond to Defendant's Motion to Amend/Correct his Motion to Vacate (ECF No. 1327) or his Motion to Supplement (ECF No. 1340). However, it is the Defendant's burden to prove that his counsel was ineffective, a nonresponse by the Government does not amount to a concession.

change of plea hearing. Instead, he agreed with the plea agreement, the factual basis presented, and he affirmatively stated that he had not been promised anything or threatened in any way. These representations have a strong presumption of validity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1997). His objections on this point should be overruled.

Sims next argues that the Report and Recommendation does not address his claims of ineffective assistance "at the Plea Agreement stage" of the proceedings. However, the Court's review of the Report and Recommendation reveals that it does address the arguments raised in Sim's Motion as they relate to his plea of guilty, and the Court agrees with Judge Bryant's reasoning on this point. This objection should be overruled.

Sims also argues that the Government does not have the burden to demonstrate that effective assistance of Counsel would not have resulted in a more favorable outcome at trial. This burden rests on the Defendant. Finally, the Court finds that Defendant has not demonstrated in his Motion nor in his objections that he was denied due process.

Accordingly, for the reasons stated in the Report and Recommendation of Judge Bryant (ECF No. 1470) and for the reasons stated herein, Defendant's Motion to Vacate (ECF No. 1319) should be and hereby is **DENIED**. The Report and Recommendation is adopted *in toto*. No Certificate of Appealability should be issued, as Defendant has failed to show that his counsel was ineffective nor has he made a substantial showing of a violation of a constitutional right.

**IT IS SO ORDERED**, this 30th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge